DUCKER, JUDGE:
Claimants, Martha V. Whittington and Charles G. Whitting-ton, allege damages in the amounts of $5,000.00 and $1,500.00, respectively, by reason of injuries suffered by Martha Y. Whittington, and medical expenses incurred by, and loss of services by Charles G. Whittington as husband of Martha V. Whittington, all occasioned by the alleged negligence of the respondent in leaving a hole in the paving of MacCorkle Avenue, Kanawha City, Charleston, West Virginia, a state highway, into which hole claimant Martha V. Whittington alleges she fell on August 20, 1968, while said claimant was crossing said avenue.
These claims being based on the same facts, pursuant to agreement of counsel, were heard together and submitted for decision.
Claimant, Martha V. Whittington, alleges that while crossing said MacCorkle Avenue on said date she tripped and fell in a large hole negligently opened and left in said boulevard, and that she was thrown to the ground breaking her right arm, to which claim respondent answered denying the claim and alleging that any injuries suffered by claimant were the re- *232 suit of her own negligence, and that consequently neither she nor her husband are entitled to recovery of any damages.
Claimant, Martha V. Whittington, testified that she was on her way to work at Heck’s discount store in Kanawha City at about 9:20 a.m., August 20, 1968, and that when the traffic light changed she started across the street, did not see the hole in the street until she “started to fall and then when I (she) tripped and went down I (she) throwed my (her) elbow to catch myself (herself),’’ and fractured her right elbow. It does not appear that claimants made any subsequent examination of the hole in the street which they allege was the cause of the accident. A witness for the claimant who was with claimant at the time of the accident stated that the hole in the street was a “round circle” with smooth edges, “no jagged edges,” and that as to the depth of the hole, in answer to a question as to whether she could state approximately how deep it was, she stated “I don’t think I could but I think it was about an inch at least,” and in answer to a further question as to the depth of the hole and the circumference of the hole, she replied that it was “about an inch deep” and “about the circumference of a grapefruit.”
We are of the opinion that the evidence does not prove the street was sufficiently out of repair to justify a conclusion that there was actionable negligence on the part of the respondent, regardless of what may have caused the hole, or whether the respondent was required by law to repair the place as a hazard to pedestrians or to traffic.
As the claimant, Martha V. Whittington, is not entitled to recover, it follows that her husband is not entitled to recover for his expenses and the loss of the services of his wife.
Accordingly, we are of the opinion to, and do hereby, disallow both of the claims in these two cases.
Claims disallowed.